**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **Case No. 21-CR-00005-KD-B** |
| | * | |
| **MARCO ANTONIO PEREZ** | * | |
| **aka RED** | * | **VIOLATIONS:** |
| | * | **18 USC § 922(n)** |
| | | **18 USC § 922(j)** |
| | | **18 USC § 1512(a)(1)(C)** |
| | | **18 USC § 924(c)(1)(A)(iii)** |

## UNITED STATES'S PROPOSED JURY INSTRUCTIONS

Unless otherwise noted, all proposed instructions are taken essentially verbatim from the most recent version of the Court of Appeals for the Eleventh Circuit Pattern Jury Instructions. Depending on the course of trial, the United States may request additional instructions not included in these proposed instructions. Likewise, some of the instructions included herein may be unnecessary.

Respectfully submitted on September 26, 2021.

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:     *s/ Michele C. O'Brien*
        Michele C. O'Brien

        *s/ Vicki M. Davis (by permission)*
        Vicki M. Davis
        Assistant United States Attorneys
        63 South Royal Street, Suite 600
        Mobile, Alabama 36602

1

**Basic Instruction 1**
**Introduction**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions — what we call your deliberations.

You must find whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**Basic Instruction 2.1 or 2.2**
**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it —  even if you do not agree with the law — and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  *A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision.*[1]  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

---

[1] Basic Instruction 2.1 and 2.2 are identical other than this sentence.  Whether this sentence needs to be given will depend on whether the Defendant testifies on his own behalf.

**Basic Instruction 3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Basic Instruction 4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Basic Instruction 5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Basic Instruction 6.4**
**Impeachment of Witnesses Because of Inconsistent Statements (Defendant with Felony Conviction Testifies)[2]**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

Evidence that a defendant was previously convicted of a crime is not evidence of guilt of the crime in this trial. But you may use the evidence to decide whether you believe the Defendant's testimony.

---

2 The United States has included this instruction in the event the Defendant elects to testify.

**Basic Instruction 7**
**Expert Witness**

When scientific, technical, or otherwise specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**Special Instruction 5**
**Note Taking**

You've been permitted to take notes during the trial.  Most of you — perhaps all of you — have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.   And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Special Instruction 2.1**
**Confession or Statement of a Single Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.  You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

**Basic Instruction 8**
**Introduction to Offense Instructions**

The indictment charges four separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Counts One through Four charge that Defendant committed what are called "substantive offenses," specifically Count One charges the Defendant with Receiving a Firearm While Under Indictment, Count Two charges the Defendant with Possession of a Stolen Firearm, Count Three charges the Defendant with Obstruction of Justice by Killing a Witness, and Count Four charges the Defendant with Carrying, Using, and Discharging a Firearm During and in Relation to a Crime of Violence. I will explain the law governing those substantive offenses in a moment.

**Basic Instruction 8.1**
**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and." If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**Basic Instruction 9.2**
**On or About a Particular Date; Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the crime occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**Special Instruction 6**
**Possession**

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

**Special Instruction 19**
**Evidence of Flight**

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after he is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person. But intentional flight or concealment under those circumstances is a fact which, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the Defendant's conduct constituted flight or concealment is exclusively for you, as the Jury, to determine. And if you do so determine, whether or not that flight or concealment showed a consciousness of guilt on his part, and the significance to be attached to that evidence, are also matters exclusively for you as a jury to determine.

I remind you that in your consideration of any evidence of flight or concealment, if you should find that there was flight or concealment, you should also consider that there may be reasons for this which are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.

**T1.1**
**Cautionary Instruction**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the indictment, but were committed on other occasions. You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the indictment. But you may consider this evidence to decide whether:

1.     the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

2.     the Defendant had a motive or the opportunity to commit the acts charged in the indictment;

3.     the Defendant acted according to a plan or in preparation to commit a crime; or

4.     the Defendant committed the acts charged in the indictment by accident or mistake.

**ANNOTATIONS AND COMMENTS**

Rule 404. [FRE] Character Evidence; Crimes or Other Acts

* * * * *

(b) Crimes, Wrongs, or Other Acts.

   (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

   (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

   (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

   (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. *See id*. at 911-12 n.15.

**Basic Instruction 11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous — in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're the judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Basic Instruction 12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.  Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible — either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.

**Stipulations[3]**

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proven:

- As of December 17, 2018, he was knowingly under indictment, and remained under indictment through on or about January 20, 2019, for a felony, that is a crime punishable by imprisonment for a term exceeding one (1) year.

- A Smith & Wesson, M&P 40, .40 caliber pistol, serial number MRF0621, was manufactured in Massachusetts, and therefore its presence in the state of Alabama affected interstate commerce.

---

3 This pattern instruction is from the Court of Appeals for the Sixth Circuit. Available here: https://www.ca6.uscourts.gov/sites/ca6/files/documents/pattern_jury/pdf/Chapter%207_0.pdf.

**Count One: Receiving a Firearm While Under Indictment, 18 U.S.C. § 922(n)[4]**

Count One of the Indictment charges the defendant with receiving a firearm while under indictment in violation of Section 922(n) of Title 18 of the United States Code. For the defendant to be found guilty of Count One, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant was under indictment for a crime punishable by imprisonment for a term exceeding one year; and

Second, that the defendant received a firearm or ammunition that had been shipped or transported in interstate commerce; and

Third, that the defendant did so willfully. In other words, the government must prove that the defendant knew he was under indictment.

Here, the defendant has stipulated that the firearm was shipped or transported in interstate commerce and that he was knowingly under indictment.

---

4 The United States has drafted this instruction based on the pattern instruction of the Ninth Circuit and the District of South Carolina. The Ninth Circuit is the only circuit with a published pattern instruction for this offense. These pattern instructions are available here: https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_6_2021.pdf and http://www.scd.uscourts.gov/pji/.

## Count Two: Possession of a Stolen Firearm, 18 U.S.C. § 922(j)[5]

Count Two of the Indictment charges the defendant with possession of a stolen firearm in violation of Section 922(j) of Title 18 of the United States Code. For the defendant to be found guilty of Count Two, the government must prove each of the following elements beyond a reasonable doubt:

> First, that on about the date charged, the defendant knowingly possessed the firearm described in the Indictment;
>
> Second, that at the time the defendant possessed the firearm, the firearm was stolen and the defendant knew or had reasonable cause to believe that the firearm was stolen; and
>
> Third, that the firearm had been shipped or transported in interstate commerce.

Here, the defendant has stipulated that the firearm had been shipped or transported in interstate commerce.

---

[5] The United States has drafted this instruction based on the pattern instructions of the First, Third, and Eighth Circuits, which are the only circuits with published pattern instructions for this offense. These pattern instructions are available here:                            https://ecf.mowd.uscourts.gov/jmi/Criminal-Jury-Instructions-2020.pdf                            ;, https://www.ca3.uscourts.gov/sites/ca3/files/2020%20Chap%206%20FirearmOffenses%20revisions%20second%20 final%20%28with%20922J%29.pdf, and https://www.med.uscourts.gov/pdf/crpjilinks.pdf.

### Count Three: Obstruction of Justice by Killing or Attempting to Kill a Witness, 18 U.S.C. § 1512(a)(1)(C)6

Count Three of the Indictment charges the defendant with obstruction of justice by killing a witness in violation of Section 1512(a)(1)(C) of Title 18 of the United States Code For the defendant to be found guilty of Count Three, the government must prove each of the following beyond a reasonable doubt:

> First, that on or about January 20, 2019, the defendant killed Officer Sean Tuder; and,
>
> Second, that the defendant did so with the intent to prevent Officer Sean Tuder from communicating information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings to a federal law enforcement officer or judge.

The United States is not required to prove that Marco Perez had federal law enforcement officers particularly in mind. But then the government must show that there was a reasonable likelihood that a relevant communication would have been made to a federal law enforcement officer.

---

6 The United States has drafted this instruction based on the pattern instruction of the First Circuit, the District of South Carolina, and *Fowler v. United States*, 563 U.S. 668 (2011). The First Circuit is the only circuit with a published pattern instruction for this offense. These pattern instructions are available here: https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_6_2021.pdf and http://www.scd.uscourts.gov/pji/.

**Count Four: Carrying, Using, and Discharging a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(iii)**

It's a separate Federal crime to use or carry a firearm during and in relation to obstruction of justice by killing or attempting to kill a witness.

The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1)  that the Defendant committed the crime of obstruction of justice by killing or attempting to kill a witness charged in Count Three of the Indictment; and

(2)  that during and in relation to the commission of Count Three the Defendant knowingly use or carried a firearm, as charged in the indictment;

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "use" a firearm means more than a mere possession and more than proximity and accessibility to the firearm.  It requires active employment of the firearm by brandishing or displaying it in some fashion.

To "carry" a firearm is to have the firearm on one's person or to transport the firearm, such as in a vehicle, from one place to another, while committing the violent crime.

To use or carry a firearm "in relation to" a crime means that that the firearm had some purpose or effect with respect to the crime, and was not there by accident or coincidence.  The firearm must have facilitated, or had the potential of facilitating, the crime.

To "possess" a firearm is to have direct physical control of the firearm or to have knowledge of the firearm's presence and the ability and intent to later exercise control over the firearm.

24

**Discharge of Firearm**
**18 U.S.C. § 924(c)**

If you find the Defendant guilty of using or carrying a firearm during and in relation to the commission of obstruction of justice by killing or attempting to kill a witness charged in Count Three of the Indictment, you must then determine whether the firearm was discharged, even accidentally.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 26, 2021, I served the foregoing filing to counsel of record via the CM/ECF system which will send counsel for the Defendant an electronic copy of this filing.

*s/ Michele C. O'Brien*
Michele C. O'Brien
Assistant United States Attorney
