IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF ALABAMA

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

MARCO PEREZ
    Defendant,

1:21-CR-00005-KD-B

DEFENDANT'S REQUESTED JURY INSTRUCTIONS

    COMES NOW the Defendant, by and through undersigned counsel, and does hereby file the following requested jury instructions:

Requested Jury Instruction #1
Count 3 Elements

The Government must prove each of the following elements beyond a reasonable doubt:

1. That the Defendant unlawfully killed Sean Tudor, and

2. that the Defendant killed Sean Tuder with the intent to prevent his communication to a law enforcement officer or judge of the United States of information relating to the violation of conditions of release for a pending judicial proceeding, and

3. that the Defendant killed Sean Tuder with the intent to prevent communication to a law enforcement officer or judge of the United States of information relating to the commission of federal offenses to wit: Possession of a Firearm While Under Indictment as set out in Count 1 of the Indictment and Possession of a Stolen Firearm as set out in Count 2 of the Indictment.

Requested Jury Instruction #2
Lesser-included offense to Count 3:

Section 1509 Obstruction of Court Orders

The Government must prove the following elements beyond a reasonable doubt:

That the Defendant, by force, willfully prevented, obstructed, impeded, or interfered with the performance of duties under any order, judgment, or decree of a court of the United States.

Requested Jury Instruction #3
Self-Defense

If you believe that the Defendant acted on a reasonable good-faith belief that self-defense was necessary to protect against an assault by a private citizen, and you have a reasonable doubt that the Defendant knew that the alleged victim was someone reasonably likely to communicate to a Federal law enforcement officer, then you must find the Defendant not guilty.

*See generally* 11th Circuit Pattern Jury Instruction 1.1 Forcibly Assaulting a Federal Officer

Requested Jury Instruction #4
Self-Defense

If the defendant was not the aggressor and had reasonable grounds to believe and actually did believe that he was in imminent danger of death or serious bodily harm from which he could save himself only by using deadly force against his assailant, he had the right to employ deadly force in order to defend himself.

By deadly force is meant force which is likely to cause death or serious bodily harm.
In order for the defendant to have been justified in the use of deadly force in self defense, he must not have provoked the assault on him or been the agressor [sic]. Mere words, without more, do not constitute provocation or aggression.

The circumstances under which he acted must have been such as to produce in the mind of a reasonably prudent person similarly situated the reasonable belief that the other person was then about to kill him or to do him serious bodily harm.

In addition, the defendant must actually believe that he was in imminent danger of death or serious bodily harm and that deadly force must be used to repel it.

If evidence of self defense is present, the government must prove beyond a reasonable doubt that the defendant did not act in self defense.

If you find that the government has failed to prove beyond a reasonable doubt that the defendant did not act in self defense, you must find the defendant not guilty. In other words, if you have a reasonable doubt whether or not the defendant acted in self defense, your verdict must be not guilty.

See <u>United States v. Alvarez</u>, 755 F2d. 830 (11th. Cir. 1985)

Requested Jury Instruction #5
Self-Defense Alabama State Law

One of the issues in this case is self-defense. A killing is not considered unlawful if it is done in self-defense.

A person may use deadly physical force and is legally presumed to be justified in using deadly physical force in self-defense or in the defense of another person if the person reasonably believes that another person is:

>Using or about to use unlawful deadly physical force;

>The defendant does not have the burden of proving that he/she acted in self- defense. To the contrary, once self-defense becomes an issue, the Government has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense.

>Alabama Pattern Jury Instruction <u>Self-Defense</u>

Requested Jury Instruction #6
Related Prosecution in Another Jurisdiction

You have heard testimony that the Defendant is charged with Capital Murder related to the instant offense in the Circuit Court of Mobile County. I charge you, ladies and gentlemen, that the jurisdiction of the Federal Court and the State Court are independent and the results of this proceeding do not have any legal effect on the other proceeding. You shall not consider the fact that the Defendant is facing another proceeding or may face punishment in any other proceeding.

Requested Jury Instruction #7
Necessity (With respect to Counts 1 and 2)

See Pattern Jury Charge 16

Requested Jury Instruction #8
Theory of Defense

It is the position of the Defense that the Government has failed to prove beyond a reasonable doubt that Marco Perez knew that Sean Tuder was a law enforcement officer at the time of their encounter.  Furthermore, it is the Defense's position that the Government has failed to prove beyond a reasonable doubt that Marco Perez formed a specific intent to prevent communication with a Federal law enforcement official.

United States v. Sirang, 70 F.3d 588 (11th Cir. 1995) (A defendant is entitled to a specific instruction on his theory of defense, not an abstract or general one). It is error to not give a requested instruction if the requested instruction's subject matter: is a correct statement of the law; is not covered by a separate pattern instruction; and goes to an important issue in the case. See United States v. Woddard, 531 F.3d 1352, 1364 (11th Cir. 2008). However, the court is not required to give a theory of defense instruction that merely recites a defendant's "not guilty" position and discusses the sufficiency or insufficiency of the evidence or argumentative inferences that might or might not be drawn from the evidence.

DONE: 10/01/2021

                                                  s/John W. Beck_____
                                                  JOHN W. BECK
                                                  Attorney for Defendant
                                                  ASB-4648-K70J
                                                  1605 Main Street
                                                  Daphne, Alabama 365326
                                                  (251) 370-5562 Office
                                                  (251) 370-5572 Facsimile
                                                  Email: beckdefense@me.com

CERTIFICATE OF SERVICE

       I do hereby certify that I have on this day October 1, 2021, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                  Respectfully Submitted,

                                                s/John W. Beck\
                                                JOHN W. BECK\
                                                Attorney for Defendant\
                                                ASB-4648-K70J